**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FEB 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YONG GUO, | No. 19-70294 |
| Petitioner, | Agency No. A200-262-549 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2020[**]

Before:    FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Yong Guo, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  Our

jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of discretion the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

agency's conclusion that an offense constitutes a particularly serious crime. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077-78 (9th Cir. 2015). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in determining that Guo's convictions for smuggling goods from the United States and for using false information on postal documents, in violation of 18 U.S.C. § 554 and 18 U.S.C. § 1342, were particularly serious crimes that rendered him ineligible for asylum and withholding of removal, where the agency weighed the correct factors. *See Avendano-Hernandez*, 800 F.3d at 1077 (review of the agency's particularly serious crime determination "is limited to ensuring that the agency relied on the appropriate factors and proper evidence" (internal quotation marks and citation omitted)). To the extent Guo argues that the agency applied an incorrect legal standard, the record does not support the argument. Thus, Guo's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of deferral of removal under CAT because Guo failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to

2                                                            19-70294

China.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Singh v. Gonzales*, 439 F.3d 1100, 1112 (9th Cir. 2006) ("where there is evidence of a legitimate prosecutorial purpose, foreign authorities enjoy much latitude in vigorously enforcing their laws"), *overruled on other grounds by Maldonado v. Lynch*, 786 F.3d 1155 (9th Cir. 2015).  The record does not support Guo's contention that the agency failed to consider his arguments or otherwise applied an incorrect legal analysis.

The BIA properly concluded that Guo could not collaterally challenge his convictions before the agency.  *See Ortega de Robles v. INS*, 58 F.3d 1355, 1358 (9th Cir. 1995) ("Criminal convictions cannot be collaterally attacked in deportation proceedings."); *see also Matter of Cuellar-Gomez*, 25 I. & N. Dec. 850, 854-55 (BIA 2012) (agency cannot entertain claims of constitutional error in underlying criminal conviction).

The agency did not err in rejecting Guo's argument based on the Federal Rules of Civil Procedure.  *See Matter of Benitez*, 19 I. & N. Dec. 173, 174-75 (BIA 1984) ("the Federal Rules of Civil Procedure are not applicable in [removal] proceedings").

Guo's contentions that his due process rights were violated during his proceedings before the agency are unpersuasive.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show error to prevail on a due process claim).

19-70294

We lack jurisdiction to consider any challenge to the agency's denial of Guo's motion to reopen because Guo did not file a timely petition for review as to that order. *See* 8 U.S.C. § 1252(b)(1); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir. 1996) (time limit is mandatory and jurisdictional).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**